United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20554
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN CHIMNEY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-362-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Jonathan Chimney pled guilty to a two-count indictment charging him with conspiracy and possession of more than fifty grams of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. Chimney admitted to possession of 53.7 grams of cocaine base. The PSR recommended a base offense level of 32, a two-level enhancement for Chimney's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravating role in the offense as an organizer/leader, and a three-level reduction for timely acceptance of responsibility, producing in a total offense level of 31. The resulting guidelines imprisonment range, after accounting for the statutory mandatory minimum sentence of ten years, was 120-135 months. The district court imposed the maximum guidelines sentence of 135 months' imprisonment. We affirmed.[1] The Supreme Court vacated our judgment and remanded to us for further consideration in light of *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738 (2005).[2]

Chimney argues that his sentence should be vacated in light of *Booker* because the two-level enhancement was made on the basis of disputed facts under a mandatory guidelines system. Because Chimney did not raise a *Booker*-type objection in the district court, we review only for plain error.[3] As we recently described in *United States v. Mares*,

> [a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of

---

[1] *See United States v. Chimney*, 88 Fed. Appx. 777, 2004 WL 326764 (5th Cir. Feb. 18, 2004) (unpublished).

[2] *See Newsome v. United States*, 125 S.Ct. 1112 (2005).

[3] *United States v. Mares*, --- F.3d ----, 2005 WL 503715, *7 (5th Cir. 2005).

judicial proceedings.[4]

In the present case, the third prong has not been met. Chimney has not carried his "burden of demonstrating that the result would have likely been different had the judge been sentencing under the *Booker* advisory regime rather than the pre-*Booker* mandatory regime."[5]

AFFIRMED.

---

[4] *Id.* at *8 (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)) (internal quotation marks omitted).

[5] *Id.* at *9.